IN RE BROWN.

(No. C-860473 — Decided February 10, 1988.)

*Anthony J. Celebrezze, Jr.,* attorney general, and *Michael J. Harmon,* for appellant Ohio Dept. of Mental Retardation and Developmental Disabilities.

*Elaine E. Fink* and *Barbara J. Cook,* for appellee Carol Brown.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County, Juvenile Division.

Appellee Carol Brown was born September 5, 1970. She suffers from cerebral palsy, functions in the severe range of mental retardation, and cannot speak or walk. Appellee was placed in Children's Convalescent Hospital following her birth. Subsequently, she was moved to a foster home and then to a series of group homes, until being placed at Glen Park Nursing Home in 1981. The whereabouts of Carol's parents are unknown.

Appellee has shown "dramatic improvement" since her placement in Glen Park Nursing Home. It is undisputed that Glen Park is the most appropriate and least restrictive setting available in the community for appellee. Her "habilitation plan" includes structured education and training, involvement in educational, physical, and cultural activities, and prompt medical treatment. Appellee's continued placement at Glen Park requires that a guardian be appointed who is authorized to sign consent forms on Carol's behalf for medical treatment and

specialized activities. Glen Park will not permit Carol to remain in its facility without the appointment of a guardian authorized to consent to Carol's participation in the required activities.

Prior to December 17, 1985, the Hamilton County Department of Human Services ("HCDHS") had temporary custody of appellee. During the time that it had custody, HCDHS signed all consent forms required for appellee's participation in medical treatment and various activities. On December 17, 1985, pursuant to an affidavit of mental retardation filed by HCDHS, the Hamilton County Court of Common Pleas, Juvenile Division, terminated the temporary custody of HCDHS. The court then committed appellee to appellant Ohio Department of Mental Retardation and Developmental Disabilities ("ODMRDD").

Following a hearing on March 20, 1986, the juvenile court referee recommended that appellant ODMRDD be ordered to provide a guardian for appellee. Appellant filed objections to the referee's report. The trial court adopted the report of the referee, holding that appellant is required to provide a guardian for appellee. Appellant timely appealed. The parties filed an agreed statement of facts pursuant to App. R. 9(D).

Appellant's first assignment of error alleges:

"The trial court erred to the prejudice of appellant by failing to recognize that R.C. 5123.56 and 5123.58 grant the Ohio Department of Mental Retardation and Developmental Disabilities (ODMRDD) discretion to decide for itself whether to provide a guardian."

R.C. 5123.56 provides in pertinent part:

"The department of mental retardation and developmental disabilities shall develop a statewide system of protective service in accordance with rules and standards established by the department. With respect to this program, the department may:

"* * *

"(C) Accept appointment by any probate court as guardian, trustee, protector, or trustee and protector of a mentally retarded or other developmentally disabled person."

R.C. 5123.58, as it existed at the time the trial court entered its order *sub judice* (see 138 Ohio Laws, Part II, 3847, 4067), in pertinent part stated:

*"The department of mental retardation and developmental disabilities, an agency providing protective services under contract with the department * * * may be nominated under any of the following conditions as guardian,* trustee, or protector, or as trustee and protector of *a mentally retarded or other developmentally disabled person*:

"(A) The person who needs or believes he needs protective service may make application in writing.

"(B) Any interested person may make application in writing on behalf of a mentally retarded or other developmentally disabled person.

"(C) A parent may name the department or agency as guardian or successor guardian in a will.

"(D) A parent may name the department or agency as guardian, trustee, or protector, to assume such duties during the parent's lifetime.

"If the results of the comprehensive evaluation required under section 5123.57 of the Revised Code indicate that the person named in the nomination is in need of protective services, *the department, agency, or service shall either reject or accept the nomination as guardian or trustee, subject to appointment by the probate court, or reject or accept the nomination as protector, or trustee and protector."* (Emphasis added.)

R.C. 5123.56 states that ODMRDD shall develop a statewide system of protective service. In order to fulfill

this mandate, R.C. 5123.56 empowers ODMRDD to act as guardian, trustee or protector of a mentally retarded or developmentally disabled person. R.C. 5123.58 sets forth the methods by which ODMRDD may be nominated as a guardian, trustee or protector. Further, R.C. 5123.58 provides that ODMRDD may accept or reject the *nomination* as guardian *subject to appointment by the court*.[1] The statutes contain no provision for the rejection by ODMRDD of a court *appointment* as a guardian. Therefore, we find that ODMRDD has no discretion to reject the order of the juvenile court in the case *sub judice* to provide a guardian for Carol Brown.

Our conclusion is buttressed by the fact that R.C. 5123.58 distinguishes between a court appointment of ODMRDD as a guardian and the nomination of ODMRDD as a protector.[2] The statute states that ODMRDD may accept or reject a *nomination* as a guardian or protector; however, the rejection of the nomination as guardian may be overcome by the appointment by the court, while the rejection of the nomination as protector is not subject to court appointment and may not be imposed upon the nominee by court order. Therefore, while OD-MRDD may reject a *nomination* as

protector or guardian, the agency may not reject a court *appointment* as a guardian. Appellant's first assignment of error is overruled.

Appellant's second assignment of error alleges:

"The trial court erred in making a finding of fact that appellant ODMRDD has the staff and resources to provide a guardian for Carol Brown."

Appellant's second assignment of error is overruled as the record fails to demonstrate the error of which appellant complains. Apparently the hearing before the referee was recorded on an audiotape which the trial court reviewed prior to adopting the referee's report. The tape was subsequently erased. We note that there is no statutory provision which requires the trial court to make a finding that ODMRDD has the appropriate staff and resources before ordering ODMRDD to provide a guardian for appellee.

For its third assignment of error, appellant ODMRDD alleges:

"The trial court erred in ordering appellant to provide a guardian for Carol Brown when appellant is already her custodial agency."

Appellant argues that R.C.

---

[1] R.C. 2151.23 provides in pertinent part:

"(A) The juvenile court has exclusive original jurisdiction under the Revised Code:

"* * *

"(4) To exercise the powers and jurisdiction given the probate division of the court of common pleas in Chapters 5122. and 5123. of the Revised Code, if the court has probable cause to believe that a child otherwise within the jurisdiction of the court is a mentally ill person subject to hospitalization by court order, as defined in section 5122.01 of the Revised Code, or a mentally retarded person subject to institutionalization by court order, as defined in section 5123.01 of the Revised Code * * *."

[2] R.C. 5123.55 provides in pertinent part:

"(B) 'Guardian' means guardian of the person pursuant to appointment by the probate court under Chapter 2111. of the Revised Code.

"* * *

"(D) 'Protector' means the department of mental retardation and developmental disabilities or an agency under contract with the department acting with or without court appointment to provide guidance, service, and encouragement in the development of maximum self-reliance to a mentally retarded or other developmentally disabled person, independent of any determination of incompetency."

5123.93 precludes appellant from providing a guardian for appellee.

R.C. 5123.93 states in pertinent part:

"In no case shall guardianship of a mentally retarded person be assigned to the managing officer or any other employee of an institution in which the person is institutionalized."

R.C. 5123.01(H) defines "institution" as:

"* * * a public or private facility, or part thereof which is licensed by the appropriate state department and is equipped to provide residential habilitation, care, and treatment for the mentally retarded."

Appellee was committed to ODMRDD for placement in Glen Park. While Glen Park has physical custody of appellee, ODMRDD retains legal custody. It is clear that ODMRDD is not an "institution" as defined in R.C. 5123.01(H). Appellee is "institutionalized" in Glen Park, a privately operated facility, and not with ODMRDD. Therefore, R.C. 5123.93 does not preclude ODMRDD from acting as appellee's guardian. Appellant's third assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., SHANNON and UTZ, JJ., concur.